UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TONY CLARK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 07-2185 |

**OPINION**

On October 9, 2007, Petitioner Tony Clark filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).[1] Petitioner also filed a Memorandum of Law (#2) and a sworn Affidavit in Support (#7). On November 8, 2007, the Government filed its Response (#8), and on December 14, 2007, Petitioner filed a Reply (#11). For the reasons that follow, Petitioner's motion is DENIED.

BACKGROUND

On July 10, 2003, Petitioner was indicted on one count of possessing with intent to distribute more than 50 grams of cocaine base ("crack"). On February 9, 2004, a jury trial commenced, and on February 11, 2004, the jury informed the court that it was unable to reach a verdict and a mistrial was declared. On August 16, 2004, following a second trial, a jury found Petitioner guilty of the offense charged in the indictment. On January 21, 2005, because of his prior convictions, Petitioner was sentenced to a mandatory term of life in prison.

---

[1] Petitioner subsequently filed an amended motion with his signature (#6) on October 31, 2007.

Petitioner filed a direct appeal, claiming that 1) his arrest was illegal and 2) his life sentence was unconstitutional. On May 18, 2006, the Seventh Circuit Court of Appeals rejected both claims and affirmed the conviction and sentence. United States v. Clark, 182 Fed. Appx. 540 (7th Cir), cert. denied, 127 S. Ct. 323 (2006).   On October 9, 2007, Petitioner filed the instant motion, alleging the following claims: (1) that he received ineffective counsel with regards to his rejection of a guilty plea and his decision to proceed to trial; (2) that his counsel was ineffective because he did not require the jury to find beyond a reasonable doubt that the substance he was charged with possessing was crack; (3) that his counsel was ineffective in failing to object to the admission of an audio tape at his trial; (4) that counsel should have objected to the use of the word "confession" in the testimony of one of the arresting officers; and (5) that his life sentence is unconstitutional because the 100:1 ratio for crack versus powder cocaine is a violation of the Fourteenth amendment's guarantee of equal protection.

## ANALYSIS

To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness; and (2) that counsel's performance prejudiced the Petitioner. Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Petitioner claims, in the first instance, that he received ineffective assistance of counsel because his lawyer failed to explain to him the practical consequences of going to trial instead of accepting a guilty plea.  In this context, the second prong of the Strickland test will be met where there is "a reasonable probability that, but for counsel's inadequate performance, [petitioner] would have accepted the government's offer." Gallo-Vasquez v. United States, 402 F.3d 793, 798 (7 th Cir.

2005) citing Paters v. United States 159 F.3d 1043, 1047 (7th Cir. 1998). Petitioner claims that his argument is supported by his affidavit. However, the affidavit does not include any statement regarding a plea offer. Therefore, Petitioner has not provided evidence to support his claim that he was offered a plea of 15 years, a plea deal the Government asserts never existed.  In addition, Petitioner's affidavit did not include a statement that he would have accepted the offer if his counsel had provided better advice.  In fact, the record shows that Petitioner not only changed his mind during a change of plea hearing, choosing instead to proceed to trial, but that he continued to assert his innocence through two trials with two separate lawyers. This court therefore concludes that the record does not support Petitioner's argument and that Petitioner has failed to establish the prejudice prong of the Strickland standard.

Petitioner next argues that his trial counsel was ineffective for failing to require that the jury find beyond a reasonable doubt that the substance he was charged with possessing was "crack."  Petitioner attaches a particular significance to the fact that his counsel agreed to a stipulation regarding the analysis of the substance which initially referred to the material as "cocaine base" but was later altered to refer to the substance as "crack."  The Seventh Circuit has held that "[a]ll crack is cocaine base but not all cocaine base is crack.'"  United States v. Edwards, 397 F.3d 570, 571 (7th Cir. 2005).  However, as there was no debate at either trial as to the identity of the drugs, but only as to ownership, counsel's failure to challenge the nature of the substance was consistent with a sound trial strategy.   In fact, Petitioner identified the drugs as crack on cross-examination. Thus, Petitioner is unable to demonstrate that he suffered any prejudice from defense counsel's failure to challenge the nature of the drugs, as Petitioner himself testified that the drugs were indeed crack.

Petitioner next argues that his lawyer was ineffective in failing to object to the introduction into evidence of a tape recorded interview that a witness gave to police, and also that his lawyer was ineffective in not objecting to a portion of the arresting officer's testimony where Petitioner claims the word "confession" was used to his detriment.  Neither of these assertions are adequately supported by the record.  First, the tape recorded interview was used by the Government as rebuttal evidence, not during the Government's case-in-chief, and it was therefore not necessary, as Petitioner contends, that the tape appear on the exhibit list before it could be introduced into evidence.   In addition, this court agrees with the Government that Petitioner had no standing to seek to exclude the tape on constitutional grounds.  With regards to the prejudicial significance that Petitioner attaches to the use of the word "confession" in the officer's testimony, the record shows that the only use of the word "confession" was  by Petitioner's lawyer on cross-examination.  This court agrees with the Government that Petitioner's attorney had a sound strategic reason to use the word to establish that there was no written confession.  Petitioner cannot expect that his lawyer would object to his own question. In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. State of Louisiana, 350 U.S. 91, 101 (1955).  Here, Petitioner has not shown that counsel's failure to object to the evidence and testimony about which Petitioner complains is serious enough to overcome this presumption of reasonableness; counsel's conduct was in both cases consistent with a sound trial strategy.

Finally, Petitioner contends that the 100 to 1 ratio for crack versus powder cocaine is a violation of equal protection. This court agrees with the Government that this claim is procedurally barred because Petitioner challenged the constitutionality of his sentence on direct appeal and lost. "In the context of § 2255 petitions, the 'law of the case' doctrine dictates that 'once [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'" United States v. Fuller, 398 F.3d 644, 648 (7th Cir. 2005), quoting United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986); see also Norris v. United States, 687 F.2d 899, 900 (7th Cir. 1982). Here, Petitioner advanced both Sixth and Eighth amendment challenges to his life sentence on direct appeal, and both claims were rejected by the Seventh Circuit. Petitioner has not provided any basis for this court to reconsider the Seventh Circuit's well reasoned conclusion regarding the issue of the constitutionality of his life sentence.[2]

It is true that since Petitioner filed his motion, the Supreme Court's ruling in Kimbrough v. United States, 128 S. Ct. 558 (2007) has made the 100-to-one crack to cocaine sentencing ratio advisory, permitting districts courts to deviate from the sentencing guidelines at their discretion. However, Petitioner was sentenced to a mandatory minimum life sentence, a statutory

---

[2] If Petitioner's equal protection claim is construed as a new claim, separate from the constitutional issues raised on direct appeal, the claim would still be procedurally barred under the rules governing § 2255 motions. A petitioner is barred from raising any constitutional issues which he could have raised on direct appeal, but did not, unless the petitioner demonstrates cause for the procedural default as well as actual prejudice from not being allowed to raise the issue under § 2255. See Norris v. United States, 687 F.2d 899, 901-04 (7th Cir. 1982). Petitioner has stated no cause for his failure to raise the Fourteenth amendment challenge on direct appeal.

provision that is still binding on district courts and does not allow for any downward variance. Thus, Kimbrough is not relevant to the Petitioner's circumstances and does not constitute a change in law sufficient to warrant a reconsideration of Petitioner's sentence. It is also significant that while rendering the 100-to-one ratio advisory, the Supreme Court did not directly address the issue on equal protection grounds. The Seventh Circuit has, however, consistently rejected equal protection challenges to the 100-to-one ratio, most recently in United States v. Trice, 484 F.3d 470, 476 (7th Cir. 2007). As such, Petitioner's claim that his sentence violates the equal protection clause fails.

This court concludes that Petitioner is not entitled to relief Pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's amended motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#6) is DENIED.

(2) All remaining pending motions (#1, #9, #10) are MOOT.

(3) This case is terminated.

ENTERED this  20TH  day of   JUNE, 2008.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE